UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| LISA M. LA ROCHE,<br>　　　　Plaintiff<br><br>v.<br><br>DARREN BEERS, individually, and in his capacity as a South Burlington Police Officer, DAVID SOLOMON, individually, and in his capacity as a South Burlington Police Officer,<br>　　　　Defendants | Docket No. 2:01-cv-321 |

## COMPLAINT AND JURY DEMAND

Plaintiff Lisa LaRoche, by and through her attorneys Gravel and Shea, complains of Darren Beers, individually and in his capacity as a South Burlington police officer; and David Solomon, individually and in his capacity as a South Burlington police officer, as follows:

## NATURE OF THE ACTION

This is an action for monetary relief to recover for pain, permanent injuries, medical expenses, economic losses, and other compensable damages suffered by the Plaintiff. This action arises out of Defendants' conduct leading up to and including September 19, 2001, in which Defendants deprived Plaintiff of her constitutional rights, and intentionally and/or negligently caused her physical injury and emotional distress.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

## PARTIES

1. Plaintiff is twenty-three years old. She is a resident of South Burlington, Vermont.

2. Upon information and belief, Darren Beers is a resident of Burlington, Vermont and a South Burlington police officer. At all times herein, Darren Beers was acting under color of state law.

3. Upon information and belief, David Solomon is a resident of South Burlington, Vermont and a South Burlington police officer. At all times herein, David Solomon was acting under color of state law.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's action under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331, and pendant jurisdiction over the remaining claims.

5. Jurisdiction is appropriate in the District of Vermont pursuant to 28 U.S.C. § 1391(b), as Defendants are residents of Vermont.

## BACKGROUND

6. On or about September 19, 2001, Plaintiff was traveling south on U.S. Route 7 in South Burlington, Vermont in her motor vehicle, accompanied by her eight-year old daughter.

7. At approximately 9:42 p.m. she was pulled over into the parking lot of the Lakeview Bar & Grill and ticketed for improper registration of her vehicle by Officer Darren Beers.

8. As the ticket was being processed, Officer David Solomon arrived on the scene.

9. Officer Solomon requested that Plaintiff breathe into an alco-sensor.

10. Plaintiff performed the breathalyzer multiple times, and each time resulted in a zero reading.

11. Plaintiff was asked by Officer Solomon to perform a dexterity test, which she also did satisfactorily.

12. When Officer Solomon continued to question her, Plaintiff asked whether she could have a friend in the Lakeview Bar & Grill witness the interrogation.

13. Officer Solomon told her that it would be illegal for the officers to enter the restaurant, and told her that she was not allowed to get a witness.

14. Plaintiff asked whether she was under arrest, and was told by Officer Solomon that she was not.

15. Plaintiff proceeded to pick up her eight-year-old daughter and walk towards the restaurant.

16. At that point, Officer Solomon grabbed Plaintiff's wrist and thumb, and twisted them behind her back, breaking both of them.

17. At no point during these events did Officer Beers intervene to protect Plaintiff, nor did he discourage Officer Solomon from forcibly restraining Plaintiff.

## COUNT I - CIVIL RIGHTS ACTION AGAINST OFFICER BEERS, INDIVIDUALLY AND IN HIS CAPACITY AS A SOUTH BURLINGTON POLICE OFFICER

18. Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-17, above.

19. During all times relevant to this cause of action, Defendant Beers was acting under the color of state law.

20. Plaintiff's liberty was restrained and deprived by Defendant Beers, creating a custodial relationship between Plaintiff and Defendant Beers.

21. Defendant Beers failed to protect Plaintiff from the assault by Defendant Solomon.

22. Defendant's failure to protect Plaintiff's safety and well-being constituted a deprivation of her liberty interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

23. Based on its violation of 42 U.S.C. § 1983, Defendant Beers is liable for damages, together with interest, costs and reasonable attorneys' fees under 42 U.S.C. § 1988(b).

## COUNT II - CIVIL RIGHTS ACTION AGAINST OFFICER SOLOMON, INDIVIDUALLY AND IN HIS CAPACITY AS A SOUTH BURLINGTON POLICE OFFICER

24. Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-23 above.

25. During all times relevant to this cause of action, Defendant Solomon was acting under the color of state law.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

-4-

26. Defendant Solomon's actions in using physical force to restrain Plaintiff from leaving constituted a seizure under the Fourth Amendment of the United States Constitution.

27. Defendant Solomon's seizure of Plaintiff constituted excessive force under the circumstances because, among other things, Plaintiff posed no threat to the public safety and Plaintiff had not been arrested or charged with any crime.

28. Defendant's deprivation of Plaintiff's Fourth Amendment rights constituted a violation of 42 U.S.C. § 1983.

29. Based on its violation of 42 U.S.C. § 1983, Defendant Solomon is liable for damages, together with interest, costs and reasonable attorneys' fees under 42 U.S.C. § 1988(b).

## COUNT III - ASSAULT AND BATTERY

30. Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-29, above.

31. Defendant Solomon intentionally and wilfully committed an act of offensive bodily contact against Plaintiff, without cause or provocation by Plaintiff and without her consent.

32. Defendant Beers intended to and did encourage or materially participate in the offensive bodily contact against Plaintiff without her consent.

33. As a direct result of the assault and battery by Defendants, Plaintiff sustained serious and permanent injuries, including but not limited to a broken wrist and thumb.

34. As a direct result of the assault and battery by Defendants, Plaintiff required medical treatment, suffered pain and discomfort, and incurred medical bills, lost wages, and other expenses.

## COUNT IV - NEGLIGENCE

35. Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-34, above.

36. Defendants Beers and Solomon were negligent and careless in their use of excessive force to restrain Plaintiff.

37. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious and permanent injuries, including but not limited to a broken wrist and thumb.

38. As a direct result of Defendants's negligence, Plaintiff required medical treatment, suffered pain and discomfort, and incurred medical bills, lost wages, and other expenses.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-38, above.

40. Defendants' Beers and Solomon's use of excessive force constituted actions of extreme and outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress to the Plaintiff.

41. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered, and continues to suffer, extreme emotional distress.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

## COUNT VI - PUNITIVE DAMAGES

42.     Plaintiff repeats and alleges as if fully set forth herein each and every part related in paragraphs 1-41 above.

43.     Defendants Beers and Solomon's actions show a wanton disregard for Plaintiff's rights and entitle Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that judgment be entered on her behalf, awarding her compensatory, punitive, and consequential damages in an amount to be determined by the trier of fact, together with costs, attorneys' fees, and any such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Plaintiff demands trial by jury on all issues so triable.**

Dated:      Burlington, Vermont
            October 17, 2001

_____
Robert B. Hemley, Esq.
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
For Plaintiff